Case No. 18-35388

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Andrew Grimm

*Plaintiff-Appellant*,

v.

Retriever Towing, Inc.

*Defendant-Appellee*.

Appeal from the United States District Court
for the District of Oregon
Case No. 3:18-cv-00183-MO
The Honorable Michael W. Mosman, Presiding

**APPELLANT'S RESPONSE TO THIS COURT'S JUNE 27, 2018
ORDER TO MOVE FOR DISMISSAL OR TO SHOW CAUSE**

Andrew Grimm
15287 Pepperwood Drive
Omaha, Nebraska 68154
Telephone: (650) 422-8035

July 18, 2018

**APPELLANT'S RESPONSE TO THIS COURT'S JUNE 27, 2018
ORDER TO MOVE FOR DISMISSAL OR TO SHOW CAUSE**

**I. Introduction**

On June 27, 2018, this Court ordered Plaintiff-Appellant to either (1) move for voluntary dismissal of this appeal or (2) show cause why it should not be dismissed for lack of jurisdiction.

Since June 27, 2018, the district court has announced a final judgment as to all remaining claims and parties, see Dkt. #26,[1] and the district court has entered that judgment in a separate document in accordance Federal Rule of Civil Procedure 58(a), see Dkt. #27. Although the May 8, 2018 Notice of Appeal which initiated this appeal, Dkt. #18, was premature at the time it was filed, it is now treated under Federal Rule of Appellate Procedure 4(a)(2) "as filed on the date of and after the entry" of judgment at the district court.

Thus, the May 8, 2018 Notice of Appeal relates forward and serves as effective notice of appeal from the final judgment now entered at the district court. This appeal should ***not*** be dismissed for lack of jurisdiction as dismissing it would neither further judicial economy nor save the parties time and expense. And, centrally, this Court has jurisdiction to entertain this apeal.

**II. There Is Now an Entry of Judgment.**

The Complaint, Dkt. #1, named four defendants—a city, two city employees, and a tow-truck company that is the instant appellee. As of this Court's order of June 27 2018, the district court had granted one defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dkt. #17. Notably, the district court's ruling intimated how it would also

---

[1] All citations to docket entries are citations to the district court's docket, not those of this appeal.

1

rule with respect to the remaining defendants. See Dkt. #17 at 4 ("I also find that Officers Earle and McHenry provided Mr. Grimm adequate notice […]").

However, at the time of this Court's June 27 2018 Order, the district court had not yet ruled on a pending motion for summary judgment as to the three remaining defendants. See Dkts. #19-24. Before the motion for summary judgment was decided, the city attorney and Plaintiff-Appellant mutually agreed to dismiss the two city employees from the case and only dispute the motion for summary judgment as to the city. See Dkt. #22 at 1 n.1. Nonetheless, because the claims against the city had not yet been dismissed, the district court had not yet disposed of the action as to all claims and all parties. See FRCP 54(b).

On July 17, 2018, the district court held oral argument on the motion for summary judgment as to the remaining party, the city, and, ruling from the bench, granted summary judgment against Plaintiff-Appellant for all remaining claims and parties. See Dkt. # 26. Today, July 18, 2018, there was a separate entry of judgment. See Dkt. # 27.

### III. The Once Premature Notice of Appeal Is Now Valid.

The May 8, 2018 Notice of Appeal, Dkt. #18, is now deemed filed on July 18, 2018 *after* entry of judgment.

Federal Rule of Appellate Procedure 4(a)(2) governs. It reads:

> "*Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

FRAP 4(a)(2).

The district court's ruling on appellee's 12(b)(6) motion decided all of the claims and denied all remedies as to the instant Defendant-Appellee, Retriever Towing. See Dkt. #17

2

(FRCP 12(b)(6) ruling announced on April 16, 2018). Thus, that ruling was a (1) decision and (2), in the alternative, an order, for the purposes of Rule 4(a)(2). Although the May 8, 2018 Notice of Appeal was filed *before* entry of judgment, see Dkt. #27 (entry of judgment filed on July 18, 2018), Rule 4(a)(2) makes that premature notice, given the entry of judgment since then, a valid and properly filed notice of appeal.

The remainder of this response will address:

(1) why Ninth Circuit case law construing Federal Rule of Appellate Procedure 4(a)(2) would treat the district court's 12(b)(6) ruling as a "decision" and, therefore, why this Court has jurisdiction to entertain the appeal,

or, in the alternative,

(2) why the ruling appealed from is an "order" under Federal Rule of Appellate Procedure 4(a)(2) and this Court similarly has jurisdiction to entertain the appeal—a question which appears to be ***a novel question of law in this circuit***.

*A. The District Court's Ruling on Appellee's Motion to Dismiss Was a Decision.*

The U.S. Supreme Court has addressed Federal Rule of Appellate Procedure 4(a)(2) in FirsTier Mortgage Co. v. Investors Mortgage Ins. Co. 498 U.S. 269 (1991).

Importantly, however, Federal Rule of Appellate Procedure 4(a)(2) concerns a premature "notice of appeal filed after the announcement of a ***decision or order***" and FirsTier Mortgage only addressed the meaning of a "decision" under Rule 4(a)(2). 498 U.S. at 274 n.4 (italicized in original). The U.S. Supreme Court "offer[ed] no view on the meaning of the term 'order' in Rule 4(a)(2)." Id. at 274 n.4. Thus, FirsTier Mortgage and its subsequent application in Ninth Circuit

3

cases apply only to the term "decision" and not the term "order" in Rule 4(a)(2). Nonetheless, the district court's order in the present case meets either standard.

In FirsTier, the Supreme Court held that "Rule 4(a) (2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that ***would be*** appealable if immediately followed by the entry of judgment." 498 U.S. at 276 (italicized in original).

"While other circuits have generously interpreted FRAP 4(a)(2) and FirsTier, the Ninth Circuit has narrowly construed both." Hajro v. USCIS, 811 F.3d 1086, 1096 (9th Cir. 2016). The narrow construction of FirsTier in the Ninth Circuit means that "a premature notice of appeal is valid under FRAP 4(a)(2) when '[a]ll that remained was the clerk's ministerial task of entering a Rule 58 judgment.'" Id. at 1098.

For example, where the district court has issued a ruling but there is clearly some integral component of that ruling yet to be decided, a notice of appeal would not be a "decision" under Rule 4(a)(2). Take three examples and one counterexample:

- In Serine v. Peterson, a magistrate judge had issued a report and recommendation, but the district court had not yet adopted that report and recommendation when the notice of appeal was filed. 989 F.2d 371, 372 (9th Cir. 1993). "The notice of appeal was premature." Id. at 373.

- In Kendall v. Homestead Dev. Co., a district court had decided summary judgment in favor of a bankruptcy trustee but, in its summary-judgment order, had not yet decided the amount of pre-judgment interest when the notice of appeal was filed. 17 F.3d 291, 293 (9th Cir. 1994). Again, the "notice of appeal was premature." Id. at 295.

4

- In Kennedy v. Applause, Inc., "[b]efore the court entered its final order determining the amount of fees and costs it would award," the plaintiff filed a notice of appeal. 90 F.3d 1477, 1480 (9th Cir. 1996). Because the "amount of fees and costs had yet to be determined," the notice of appeal as to costs and fees was premature. Id. at 1483.
- ***By contrast***, in Ajetunmobi v. Clarion Mortgage Capital, Inc., the district court had dismissed four defendants on a 12(b)(6) motion with prejudice, but at least one defendant, Wells Fargo, remained in the case. 595 F. App'x. 680, 682 (9th Cir. 2014). Although the "case was still pending against Wells Fargo […] the appeal was timely." Id.

Applying these precedents here, the July 18, 2018 entry of judgment cured the formerly premature notice of appeal on the district court's 12(b)(6) ruling. Because the district court dismissed Defendant-Appellee Retriever Towing and all claims against Retriever Towing with prejudice, all that remained was the ministerial task of entering judgment on that ruling. The presence of other parties does not change that, with respect to Defendant-Appellee Retriever Towing, all that remained was entry of judgment. See Ajetunmobi v. Clarion Mortgage Capital, Inc., 595 F. App'x. 680, 682 (9th Cir. 2014).

Unlike in Serine, Kendall, or Kennedy, there was nothing left to do in the 12(b)(6) order such as adopt an R&R, determine pre-judgment interest, or determine fees. In fact, the 12(b)(6) ruling intimated how it would also rule with respect to all remaining defendants. See Dkt. #17 at 4 ("I also find that Officers Earle and McHenry provided Mr. Grimm adequate notice […]"). And those rationales were applied to dismiss the city at oral argument. See Dkt. #26. In essence, the 12(b)(6) ruling disposed of the case. The 12(b)(6) ruling certainly disposed of all claims

against Retriever Towing and denied all relief in a manner that the July 18, 2018 entry of judgment would permit that order to be appealed.

Thus, all that remained to make appeal of the 12(b)(6) ruling appropriate for appeal was the "ministerial task" of filing entry of judgment. Now that entry of judgment has been filed, the instance notice of appeal is now timely with respect to that decision.

### B. The District Court's Ruling on Appellee's Motion to Dismiss Was an Order.

In the alternative, the ruling appealed from was also an "order" under Federal Rule of Appellate Procedure 4(a)(2).

Notably, this appears to be a novel question of law. In FirsTier Mortgage, the U.S. Supreme Court expressly "offer[ed] no view on the meaning of the term 'order' in Rule 4(a)(2)." 498 U.S. at 274 n.4. Furthermore, the Ninth Circuit cases applying Rule 4(a)(2) appear to have consistently turned to FirsTier Mortgage and its Ninth Circuit progeny in in Serine, Kendall, or Kennedy, for example. Thus, it appears the Ninth Circuit has not construed what an "order" under Rule 4(a)(2) would be.

Here, the ruling appealed from was clearly an order. This district court titled it as such. Dkt. #17 at 1 ("OPINION AND ORDER"). In the ruling, the court decided a motion to dismiss *and* directed that the claims against defendant-appellee Retriever Towing be dismissed with prejudice, *i.e.*, ***ordering*** those claims to be dismissed. And what the court did fits within the ordinary meaning of the term "order". See Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/order (defining "order" to mean "[7b] "a specific rule, regulation, or authoritative direction") (accessed July 18, 2018). Furthermore, nothing in the

6

Notes of the Advisory Committee related to Rule 4(a)(2) suggests that the term "order" was intended to be limited to, for example, interlocutory orders or some other subset of orders.

Furthermore, the Ninth Circuit has implicitly acknowledged that its narrower reading of FirsTier may not be the best reading of FirsTier and of Rule 4(a)(2). Cf. Hajro v. USCIS, 811 F.3d 1086, 1096 (9th Cir. 2016) ("As USCIS notes, there are many similarities between FirsTier and this case that may have warranted a different outcome had we decided this case solely on FRAP 4(a)(2) and FirsTier."). Construing the term "order" in a broader fashion is a simple way to fix that narrower reading of "decision" under FirsTier.

Moreover, this reading of the term "order" would bring the Ninth Circuit in closer accord with its sister circuits. See, e.g. Brown v. Columbia Sussex Corp., 664 F.3d 182, 189 (7th Cir. 2011) ("FirsTier can be read to hold that Rule 4(a)(2) will save a premature notice if, *regarding the claim being appealed*, the entry of judgment is all that is left for the court to do." (italicized in original)), Slayton v. Am. Express Co., 460 F.3d 215, 225 (2d Cir. 2006) (seeing "no benefit to finding a notice of appeal untimely where, as here, appellant's intention to appeal from a final order was known to both the opposing party and the court"), Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 587 (3d Cir. 1999) (FirsTier "did not hold that the Rule 4(a)(2) situation-- announcement of a final decision followed by notice of appeal and then entry of the judgment--is the only situation in which a premature notice of appeal will ripen at a later date. […] [I]n a number of factual situations, a premature notice of appeal will become effective at a later date.").

//

//

//

//

8

**IV. Conclusion**

"There's no penalty for filing a premature notice of appeal." <u>Orr v. Plumb</u>, 884 F.3d 923, 931 (9th Cir. 2018) (citing FRAP 4(a)(2)). Federal Rule of Appellate Procedure 4(a)(2) makes sure of that.

At the time of filing the May 8 2018 Notice of Appeal, Plaintiff-Appellant mistakenly believed that the 30-day *jurisdictional* window of filing a notice of appeal had begun. Now that entry of judgment has occurred, however, that May 8, 2018 Notice of Appeal is proper and this Court has jurisdiction to entertain the appeal. The appeal should not be dismissed.

Respectfully submitted,

/s/Andrew Grimm
Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Appellant's Response to this Court's June 27, 2018 Order** with the Clerk of the court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 18, 2018.

I certify that all participants in the case are either registered CM/ECF users or have been served separately.


Dated: July 18, 2018          By:     /s/Andrew Grimm
                                      Andrew Grimm